UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL | ) | |
| INSURANCE COMPANY, as subrogee of | ) | |
| Joseph and Kathleen Caito, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1360-RLY-DML |
| | ) | |
| GASTITE, a division of Titeflex, a | ) | |
| Massachusetts Corporation, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO STRIKE AND DISMISS
COUNTS I-III OF PLAINTIFF'S COMPLAINT**

This action arises out of a fire, which resulted in substantial damage to the home of

Joseph and Kathleen Caito (collectively, "the Caitos").  American International Insurance

Company ("AIIC" or "Plaintiff"), as subrogee of the Caitos, filed the instant action

against Gastite, a division of Titeflex Corporation, ("Titeflex" or "Defendant") alleging

that the corrugated stainless steel tubing ("CSST") manufactured by Defendant ultimately

caused the damage suffered by the Caitos.  Defendant now moves to strike and dismiss

Counts I-III of Plaintiff's Complaint for failure to state a claim under FED. R. CIV. P.

12(b)(6).  In the alternative, Defendant requests that the court order Plaintiff to provide a

more definite statement on these counts pursuant to FED. R. CIV. P. 12(e).  Plaintiff

opposes Defendant's motion, but in the event that the court is inclined to grant

Defendant's motion, Plaintiff requests leave to amend its Complaint pursuant to FED. R.

1

Civ. P. 15.

After reviewing the parties' briefs and pertinent law, the court now **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. The court does not consider Defendant's alternative motion for a more definite statement because, pursuant to Fed. R. Civ. P. 12(e), a party must move for a more definite statement *prior* to filing a responsive pleading. As Defendant has already filed an answer in this case (Docket # 9), it is barred from requesting a more definite statement.

## I.      Background

On March 19, 2007, a tree adjacent to the Caitos' patio was struck by lightning. (Docket # 1-2 ("Complaint") ¶ 8). Plaintiff alleges that through various means of coupling, and/or discharge paths, the lightning surge caused arcing between the CSST installed in the Caitos' home and an adjacent metal object. (*Id.*). According to Plaintiff, the arcing perforated the CSST, which allowed gaseous fuel to escape and ignite, resulting in the ignition and spreading of a structural fire within the Caitos' home. (*Id.*). The fire caused $683,667.06 worth of damage to the Caitos' home, an amount which AIIC was obligated to pay the Caitos pursuant to their insurance policy. (*Id.* ¶ 9).

Plaintiff, as subrogee of the Caitos, filed a four count Complaint against Defendant. Count I is entitled "Breach of Express and/or Implied Warranty Merchantability." Essentially, Plaintiff alleges that Defendant breached its warranty that "the CSST would not present an unreasonable risk of harm when used in a manner for which it was intended." (*Id.* ¶ 13). Count II is entitled "Strict Products Liability." In this

2

count, Plaintiff alleges that the CSST was defectively designed, defectively manufactured, improperly inspected, and failed to contain or to be conspicuously marked with proper warnings as to the dangers associated with its normal use.  (*Id.* ¶ 18).  Count III is entitled "Failure to Warn."  Plaintiff alleges that Defendant breached its duty to warn consumers of its products dangers.  (*Id.* ¶ 21).  Count IV is entitled "Negligence." This count essentially restates the allegations set forth in Counts I-III and argues that they all constitute a breach of Defendant's duty to exercise reasonable care.  (*Id.* ¶ 25-26).

## II.      The Indiana Product Liability Act

Plaintiff's Complaint does not specify the statutes and rules of law on which it relies for each of its claims against Defendant.  Although it is common practice for a plaintiff to cite to statutes and legal rules in its complaint, nothing in the Federal Rules of Civil Procedure requires a plaintiff to do so.  *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).  A complaint "need not identify a legal theory, and specifying an incorrect theory is not fatal."  *Id.*  However, the court finds it necessary to clarify the law governing Plaintiff's action before addressing Defendant's motion.

A court exercising diversity jurisdiction applies the substantive laws of the state in which it sits.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Accordingly, the court turns to Indiana law.  The Indiana Product Liability Act ("IPLA") governs "all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by the product."  IND. CODE § 34-20-1-1.  As a general rule, a manufacturer will be liable for a defective product regardless of whether the manufacturer

3

has exercised all reasonable care in the manufacture and preparation of the product (strict liability). *Id.* § 34-20-2-2. However, if the plaintiff alleges that the product was defectively designed, or that the manufacturer failed to provide adequate warnings or instructions regarding the use of the product, then the plaintiff must establish that the manufacturer failed to exercise reasonable care under the circumstances. *Id.*

The Indiana Supreme Court has held that it is "clear that the legislature intended that the [IPLA] govern all product liability actions, whether the theory of liability is negligence or strict liability in tort." *Stegemoller v. ACandS, Inc.*, 767 N.E.2d 974, 976 (Ind. 2002). When a consumer seeks to recover from a manufacturer for physical harm for a product, the IPLA provides for a single cause of action, regardless of the plaintiff's substantive legal theories. *Cincinnati Ins. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2006 WL 299064 at * 2 (N.D. Ind. Feb. 7, 2006) (citing *In re Lawrence W. Inlow Accident Litigation*, 2002 WL 970403 at *12 (S.D. Ind. Apr. 16, 2002)). Having determined that Plaintiff's action is governed by the IPLA, the court now turns to Defendant's motion to dismiss.

## III.   Discussion

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tomayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th

Cir. 2008).

Federal pleadings practice requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has interpreted this requirement as imposing two easy-to-clear hurdles. *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct 1955, 1964, 1973 n.14 (2007)).

### A.   Count I–Breach of Express and/or Implied Warranty of Merchantability

In Count I of its Complaint, Plaintiff alleges breach of express and/or implied warranty of merchantability.[1] Defendant's position is that Plaintiff's breach of warranty claim should be dismissed in its entirety.

_____

[1]Although the IPLA provides a single cause of action for a user seeking to recover in tort from a manufacturer for harm caused by a defective product, *see supra* Part III, a plaintiff may maintain a separate cause of action under a breach of warranty theory. *See Hitachi Constr. Mach. Co. v. AMAX Coal Co.*, 737 N.E.2d 460, 465 (Ind. Ct. App. 2000). The Uniform Commercial Code ("UCC"), as adopted in Indiana, provides for contractual remedies for breach of express or implied warranties. IND. CODE §§ 26-1-2-313, 314. The adoption of the IPLA did not invalidate the provisions of the UCC. *B & B Paint Corp. v Shrock Mfg. Inc.*, 568 N.E.2d 1017, 1020 (Ind. Ct. App. 1991).

### 1.      Breach of Express Warranty

Defendant argues that Plaintiff's claim for breach of express warranty should be dismissed because Plaintiff's Complaint does not include any attachment which would indicate that Defendant entered into any express warranty with Plaintiff.  As Defendant offers no citations to establish that a plaintiff is required to do so, it appears that Defendant offers this fact not to point out a pleading deficiency in Plaintiff's Complaint, but rather to support its assertion that no express warranty exists.  In fact, Defendant goes on to argue that it is impossible for an express warranty to exist because Titeflex does not deal directly with consumers such as the Caitos.  However, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the challenged claims.  *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996).  Defendant's argument that there was in fact no express warranty between Titeflex and the Caitos goes to the merits of Plaintiff's breach of express warranty claim and is not appropriate at this time.

Defendant also argues that Plaintiff's breach of express warranty claim should be dismissed because Plaintiff merely states that an express warranty exists, but does not state what that express warranty entails.  Defendant is incorrect.  In its Complaint, Plaintiff states "Defendant expressly guaranteed that the CSST was safe for its intended use." (Complaint ¶ 12).  This statement is sufficient to put Defendant on notice of the gravamen of Plaintiff's express warranty allegation.  Accordingly, the court finds that Plaintiff has sufficiently stated a claim for breach of express warranty.

### 2.     Breach of Implied Warranty of Merchantability

A warranty that a good is merchantable is implied if the seller of that good is a

merchant with respect to goods of that kind.  IND. CODE § 26-1-2-314(1).  In order to be

merchantable, a good must at least: (a) pass without objection in the trade under the

contract description; (b) in the case of fungible goods, be of fair, average quality; (c) be

fit for the ordinary purposes for which such goods are used; (d) run, within the variations

permitted by the agreement, of even kind, quality, and quantity within each unit and

among all units involved; (e) be adequately contained, packaged, and labeled as the

agreement may require; and (f) conform to the promises or affirmations of fact made on

the container or label if any.  *Id.* § 314(2).  Defendant argues that Plaintiff's claim for

breach of implied warranty of merchantability should be dismissed because Plaintiff fails

to allege the way in which the CSST was unmerchantable.

In its response brief, Plaintiff attempts to argue that the CSST was unmerchantable

because it was not fit for the ordinary purposes for which such goods are used.  However,

the actual language used by Plaintiff in its Complaint is that the CSST was "not fit for its

intended use and purpose."  (Complaint ¶ 14).  Reading the Complaint, it appears that

Plaintiff is arguing that the CSST was not fit for the particular purpose for which the

Caitos used it.  "A 'particular purpose' differs from the ordinary purpose for which the

goods are used in that it envisages a specific use by the buyer which is peculiar to the

nature of his business whereas the ordinary purposes for which goods are used are those

envisaged in the concept of merchantability and go to uses which are customarily made of

the goods in question." *Paper Mfrs. Co. v. Rescuers, Inc.*, 60 F.Supp.2d 869, 880-81

(N.D. Ind. 1999) (quoting U.C.C. § 2-315).

The court agrees with Defendant that alleging that a product is not fit for its

"intended use and purpose" is not sufficient to state a claim for breach of implied

warranty of merchantability.  In fact, the use of the phrase "intended use," along with the

allegation that "Plaintiff's insured relied upon Defendant's skill and judgment,"

(Complaint ¶ 13), more closely tracks the language of a breach of implied warranty for

particular purpose claim.  *See* IND. CODE § 26-1-2-315.  Accordingly, Defendant's motion

to dismiss Count I of Plaintiff's Complaint is granted as to the breach of implied warranty

of merchantability claim.  However, Defendant's request that the claim be dismissed with

prejudice is denied.  As requested by Plaintiff in its response brief, the court grants

Plaintiff leave to amend its complaint to comport with the court's entry.

## B.    Counts II–IV

In the Complaint, Plaintiff alleges that the CSST was defectively designed and did

not contain proper warnings as to the dangers associated with its normal use.  As

discussed above, *supra* Part II, when alleging design defect or failure to warn, the

plaintiff must establish that the manufacturer or seller failed to exercise reasonable care

under the circumstances in designing the product or in providing the warnings.

Defendants argue that since by statute Plaintiff's case is based on a theory of negligence,

Count IV–Negligence sufficiently and appropriately pleads Plaintiff's claims and that

Counts II and III should be dismissed as inappropriate, misplaced, redundant, and not in

8

accordance with the IPLA.

Defendant's motion must be denied because the IPLA precludes a common law negligence claim for personal injuries caused by a product. *Ryan v. Phillip Morris USA, Inc.*, 2006 WL 449207, at *2 (N.D. Ind. Feb. 22, 2006). However, Defendant is correct that it is improper for Plaintiff to maintain three separate counts for the same tort, i.e. product liability. The court does not dismiss these counts, but rather more properly merges Counts II-IV into one statutory claim under the IPLA. *See Bourne v. Gilman, Inc.*, 2005 WL 1703201, at *3 n.2 (S.D. Ind. July 20, 2005).

IV.    **Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss and Strike Counts I-III (Docket # 10) is **GRANTED IN PART** and **DENIED IN PART**. The court grants Defendant's motion to dismiss Count I, without prejudice, as to the breach of implied warranty of merchantability. The court denies Defendant's motion to dismiss Counts II and III. However, the court merges Counts II-IV into one statutory claim under the IPLA. Additionally, the court grants Plaintiff's request for leave to amend its Complaint.

Plaintiff has THIRTY DAYS from the date of this entry to file its Amended Complaint.


**SO ORDERED** this 14th day of May 2009.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Alyssa J. Endelman
DENENBERG TUFFLEY, PLLC
21 E. Long Lake Road
Suite 200
Bloomfield Hills, MI 48304

Jill Marie Felkins
SEGAL MCCAMBRIDGE SINGER & MAHONEY
jfelkins@smsm.com

Steven Edward Springer
KIGHTLINGER & GRAY
sspringer@k-glaw.com