IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL INSURANCE COMPANY, as subrogee of Joseph and Kathleen Caito,<br><br>Plaintiff,<br><br>v.<br><br>GASTITE, a division of Titeflex, a Massachusetts Corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:08-CV-1360-RLY-TAB<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT TITEFLEX CORPORATION TO FIRST AMENDED COMPLAINT

Defendant, TITEFLEX CORPORATION (hereinafter "Titeflex" or "Defendant") hereby answers Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.      Titeflex is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the complaint and on that basis denies said allegations.

2.      Titeflex is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the complaint and on that basis denies said allegations.

3.      Titeflex admits that Gastite is a Division of Titeflex Corporation with its principal place of business located at 603 Hendee Street, Springfield, MA 01139-0054, but denies that Titeflex is incorporated in Massachusetts.  Titeflex denies all other allegations in paragraph 3.

4.       Titeflex is without knowledge or information sufficient to admit or deny the allegations in paragraph 4 of the complaint and on that basis denies said allegations.

## GENERAL ALLEGATIONS

5.      Titeflex is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the complaint and on that basis denies said allegations.

1

6.      Titeflex admits that it was in the business of designing, manufacturing, marketing, and selling CSST.  Titeflex is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 6 of the complaint and on that basis denies said allegations.

7.      Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint and on that basis denies said allegations.

8.      Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint and on that basis denies said allegations.

9.      Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and on that basis denies said allegations.

<u>COUNT I</u>

10.     Titeflex incorporates by reference each and all of its Answers and Responses to the allegations contained in Paragraphs 1-9 in this Complaint, as if set forth fully herein.

11.     Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations that CSST manufactured by Titeflex was present in Plaintiff's insured's premises or that such product was installed in the same condition as when it left Titeflex's control and on that basis denies said allegations.  Titeflex denies all other allegations in paragraph 11.

12.     Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegation that CSST that it manufactured product was in the Plaintiff's insured's premises and on that basis denies said allegations.  Titeflex denies all other allegations in paragraph 12.

13.     Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegation that CSST that it manufactured was in the Plaintiff's insured's premises and on that basis denies said allegations.  Titeflex denies all other allegations in paragraph 13.

14.     Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegation that CSST that it manufactured was in the Plaintiff's insured's premises and on that basis denies said allegations.  Titeflex denies all other allegations in paragraph 14.

WHEREFORE, Titeflex denies all allegations of breach of warranty, denies that the Plaintiff is entitled to a judgment of any sum whatsoever and denies that the Plaintiff is entitled to any physical harm/damage under the above claims of breach of warranty, and prays for a judgment in its favor and against the Plaintiff plus costs of this action.

## COUNT II

15.     Titeflex incorporates by reference each and all of its Answers and Responses to the allegations contained Paragraphs 1-14 in this Complaint, as if set forth fully herein.

16.     Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegation that CSST that it manufactured was in the Plaintiff's insured's premises and on that basis denies said allegations.  Titeflex denies all other allegations in paragraph 16.

17.     Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegation that CSST that it manufactured was in the Plaintiff's insured's premises and on that basis denies said allegations.  Titeflex denies all other allegations in paragraph 17.

18.     Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegation that CSST that it manufactured was in the Plaintiff's insured's premises and on that basis denies said allegations.  Titeflex denies all other allegations contained in paragraph 18, and specifically denies subparts (a)-(i) contained therein.

19.     Titeflex denies the allegations contained in paragraph 19 of the complaint.

WHEREFORE, Titeflex denies all allegations of strict liability, denies that the Plaintiff is entitled to a judgment of any sum whatsoever, and prays for a judgment in its favor and against the Plaintiff plus costs of this action.

## ADDITIONAL DEFENSES

Titeflex raises the following as additional defenses, but in so doing does not concede that it bears the burden of proof on any of these defenses:

1.     The Plaintiff's claims are barred in whole or in part by laches.

2.     The Plaintiff's claims are barred by assumption of the risk.

3.      The Plaintiff's claims and any damages about which Plaintiff complains were proximately caused or contributed to by the fault of the Plaintiff, which fault may have included a failure to mitigate damages.

4.     The Plaintiff's claims are barred in whole or in part by estoppel.

5.     The Plaintiff's claims and damages are barred in whole or in part because they were caused by an Act of God.

6.     The Plaintiff's claims and damages are barred in whole or in part because they were a result of actions and/or omissions of others over whom Titeflex had no control.

7.     The Plaintiff's claims are barred in whole or in part by the nonforeseeable misuse of Titeflex's product by the Plaintiff or by another party over whom Titeflex had no control.

8.     The Plaintiff's claims are barred in whole or in part due to superceding or intervening acts over which Titeflex had no control.

9.     The Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

10.    The incident and any damages about which Plaintiff complains were or may have been proximately caused by the fault of non-parties, including McGinsie Electric.

11.    The Plaintiff's claims are barred due to its own knowledge of the alleged defect in the products, the alleged danger and, nevertheless, Plaintiff proceeded to use the products.

12.    The Plaintiff's claims are barred because Titeflex specifically disclaimed all warranties, express or implied.

13.    The Plaintiff's claims are barred to the extent that any property damage allegedly suffered by Plaintiffs is a result of modification or alteration of the product made by any person

4

after the product's delivery to the initial user or consumer, as defined in IND. CODE § 34-20, et seq.

14.    Any product designed, manufactured or sold by Titeflex was designed, manufactured, sold and labeled in accordance with the prevailing state of the art at the time of design, manufacture, labeling or sale.

15.    Plaintiff's claims are barred in whole or in part by the doctrine of superior equities.

16.    The Plaintiff's claims are barred in whole or in part by unclean hands.

Titeflex reserves the right to amend its answer to include additional affirmative defenses as further discovery herein may suggest.

Respectfully submitted,
WOODEN & MCLAUGHLIN, LLP


By: s/ Daniel D. Trachtman
      Daniel D. Trachtman
      One of the Attorneys for Defendant,
      Titeflex Corporation

Daniel D. Trachtman
WOODEN & MCLAUGHLIN, LLP
One Indiana Square, Suite 1800
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 639-6151
(316) 639-6444-fax
dtrachtman@woodmclaw.com

National Coordinating Counsel:
James W. Morando
Andrew Leibnitz
David Lazerwitz
Deepak Gupta
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400
(415) 954-4480 [Fax]

jmorando@fbm.com
aleibnitz@fbm.com
dlazerwitz@fbm.com
dgupta@fbm.com

## DEMAND FOR JURY TRIAL

Defendant, TITEFLEX CORPORATION, by counsel, demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,
WOODEN & MCLAUGHLIN, LLP

By: s/ Daniel D. Trachtman
     Daniel D. Trachtman
     One of the Attorneys for Defendant,
     Titeflex Corporation

Daniel D. Trachtman
WOODEN & MCLAUGHLIN, LLP
One Indiana Square, Suite 1800
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 639-6151
(316) 639-6444-fax
dtrachtman@woodmclaw.com

National Coordinating Counsel:
James W. Morando
Andrew Leibnitz
David Lazerwitz
Deepak Gupta
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400
(415) 954-4480 [Fax]
jmorando@fbm.com
aleibnitz@fbm.com
dlazerwitz@fbm.com
dgupta@fbm.com

7

CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2009, a copy of the foregoing *Answer to Defendant Titeflex Corporation to First Amended Complaint* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Alyssa J. Endelman
DENENBERG TUFFLEY, PLLC
*aendelman@dt-law.com*

David J. Lazerwitz
FARELLA BRAUN &
   MARTEL, LLP
*dlazerwitz@fbm.com*

Corey H. Chubner
DENENBERG TUFFLEY, PLLC
*cchubner@dt-law.com*

Andrew Leibnitz
FARELLA BRAUN &
   MARTEL, LLP
*aleibnitz@fbm.com*

Melinda A. Davis
DENENBERG TUFFLEY, PLLC
*mdavis@dt-law.com*

Deepak Gupta
FARELLA BRAUN &
   MARTEL, LLP
*dgupta@fbm.com*

Steven E. Springer
KIGHTLINGER & GRAY
*sspringer@k-glaw.com*

James Morando
FARELLA BRAUN &
   MARTEL, LLP
*jmorando@fbm.com*

s/ Daniel D. Trachtman
*dtrachtman@woodmclaw.com*

321836-2 (11649-0001)

8